IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD O. BRADFORD,<br><br>             Petitioner,<br><br>      vs.<br><br>F. GONZALEZ, Warden,<br><br>             Respondent.<br>_____/ | 1:09-cv-00778-BAK-SMS-HC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1)<br><br>ORDER DIRECTING OBJECTIONS TO BE FILED WITHIN TWENTY DAYS<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO A DISTRICT JUDGE |

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**DISCUSSION**

On May 1, 2009, Petitioner filed the instant habeas petition. (Doc. 1). That same date, the Court issued an order requiring Petitioner to file a written consent or declination of consent to the jurisdiction of the United States Magistrate Judge within thirty days. (Doc. 4). Petitioner did not respond to the Court's order. On June 16, 2009, the Court issued a second order requiring Petitioner to file a written consent or declination of consent within thirty days. (Doc. 7). Again, Petitioner did not respond. On August 10, 2009, the Court issued an Order to Show Cause why the petition should not be dismissed for Petitioner's failure to comply with the Court's prior orders. (Doc. 8). The Order to Show Cause required Petitioner to respond within thirty days. The thirty-day period has passed, and Petitioner has once again failed to comply with or otherwise respond to the

1

Court's order.

In determining whether to dismiss an action for lack of prosecution, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the Respondents; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).

The Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal, as this case has been pending since May 1, 2009. The third factor, risk of prejudice to Respondent, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The Court's order of August 10, 2009, expressly stated: "Local Rule 11-110 provides that 'failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions...within the inherent power of the Court.'" (Doc. 8, p. 1). Thus, Petitioner had adequate warning that severe sanctions, including dismissal of this action, could result from his noncompliance with the Court's orders.

**ORDER**

For the foregoing reasons, the Court HEREBY DIRECTS the Clerk of the Court to assign this case to a United States District Court Judge.

**RECOMMENDATIONS**

Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus (Doc. 1),  be DISMISSED for Petitioner's failure to prosecute.

This Findings and Recommendations is submitted to the United States District Court Judge

assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   September 22, 2009**           /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE

3