IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD O. BRADFORD,<br><br>            Petitioner,<br><br>      vs.<br><br>F. GONZALEZ, Warden,<br><br>            Respondent.<br>_____/ | 1:09-cv-00778-OWW-JLT HC<br><br>ORDER DENYING PETITIONER'S MOTION BY PROPOSED ORDER (Doc. 17) |

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**DISCUSSION**

On May 1, 2009, Petitioner filed the instant habeas petition. (Doc. 1). On December 8, 2009, the District Court dismissed the petition for Petitioner's failure to comply with the Court's orders, entered judgment, and closed the case. (Docs. 15 & 16). On December 24, 2009, Petitioner filed the instant motion which is virtually incomprehensible. (Doc. 17). In the motion, Petitioner apparently seeks to learn the status of a motion he claims to have filed in this Court on or about October 15, 2009. The Court's docket indicates that Petitioner filed his written refusal to proceed before a U.S. Magistrate Judge on October 21, 2009 and that said notice was signed by Petitioner on

1

October 13, 2009. The Court thus concludes that, in the motion now before the Court, Petitioner is inquiring whether the Court received his written refusal to consent to the Magistrate Judge's jurisdiction in light of the Court's subsequent entry of judgment.

The answer of course is that the Court received Petitioner's belated request for reassignment long after the Court had issued its Findings and Recommendations. During the course of these proceedings, the Court had given Petitioner numerous opportunities to either consent to the Magistrate Judge's jurisdiction or request reassignment to the District Judge in the months preceding the issuance of the Findings and Recommendations dated September 23, 2009. On May 1, 2009, the day Petitioner filed his petition, the Court sent him his first notice regarding consent to the jurisdiction of the Magistrate Judge. (Doc. 4). Petitioner did not comply. The Court issued a second request for consent or reassignment on June 16, 2009. (Doc. 7). Again, Petitioner did not comply. On August 8, 2009, the Court issued an Order to Show Cause why the petition should not be dismissed for Petitioner's failure to comply with the Court's orders. (Doc. 8). That Order to Show Cause gave Petitioner thirty days in which to respond. However, Petitioner never responded to the Order to Show Cause. Finally, on September 23, 2009, almost five months *after* the first request for consent or reassignment had been sent to Petitioner, the Court issued Findings and Recommendations to dismiss the petition. (Doc. 9). Petitioner never filed objections to the Findings and Recommendations. Rather, he attempted to avoid outright dismissal by finally responding to the Court's many requests for consent or reassignment. However, at that point, the District Judge chose to adopt the Findings and Recommendations to dismiss the petition notwithstanding Petitioner's tardy attempt to avoid dismissal. In sum, Petitioner's tardily filed request for reassignment was a case of "too little too late."

Put another way, the Court cannot simply place its habeas corpus cases on indefinite "hold" while it awaits petitioners compliance with the Court's orders. The need to proceed with habeas cases in an expeditious manner and the legal rationale for dismissal when a petitioner does not comply with the Court's orders were matters fully explained and set forth in the Magistrate Judge's Findings and Recommendations, to which Petitioner did not object.

Accordingly, it is HEREBY ORDERED that Petitioner's motion by proposed order (Doc. 17), is DENIED as MOOT.

IT IS SO ORDERED.

Dated: **March 25, 2010**                              **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE

3